```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
_____
                              )
UNITED STATES OF AMERICA,     )
                              )
                              )
          v.                  )    Criminal No. 09-54 (EGS)
                              )
ANTHONY J. FARERI,            )
                              )
               Defendant.     )
_____)
```

**MEMORANDUM OPINION**

Pending before the Court is Anthony Fareri's motion for a certificate of appealability. For the reasons explained below, a certificate of appealability is not required in view of the claim the Mr. Fareri wants to appeal. However, given the unusual posture of the case, and upon consideration of the motion, the government's response, the relevant caselaw, the entire history in this case, and for the reasons explained below, the Court will grant the motion and issue a certificate of appealability.

**I.  Background**

In September 2010, Mr. Fareri pleaded guilty to mail fraud in violation of 18 U.S.C. § 1341. In October 2011, he was sentenced to 105 months incarceration followed by three years supervised release and was ordered to pay restitution to his victims. Thereafter, Mr. Fareri filed a direct appeal.

On direct appeal, Mr. Fareri argued that his counsel provided ineffective assistance in three ways: (1) his counsel told Mr. Fareri that the Plea Agreement would allow him to challenge (at the sentencing hearing) the amount of loss underlying his Sentencing Guidelines calculation in order to lower his Guidelines level and range; (2) his counsel failed to obtain and present evidence at his sentencing of additional payments made to victims that were not credited to him in the Presentence Investigation ("PSI") Report or by the District Court (also argued in the Section 2255 motion); and (3) his counsel failed to adequately investigate the amount of loss resulting from Mr. Fareri's crime (also argued in the Section 2255 motion). *Br. for Appellant*, USCA Case No. 11-3098, Doc. No. 139915 at 32-40. In its response to that appeal, the Court of Appeals for the District of Columbia Circuit ("D.C. Circuit"): (1) upheld this Court's application of the vulnerable victim enhancement pursuant to Section 3A1.1 of the U.S. SENTENCING GUIDELINES MANUAL; (2) remanded Mr. Fareri's claim that he received ineffective assistance of trial counsel to the District Court to consider in the first instance; and (3) remanded for the District Court to correct the specific amounts owed in restitution to each of Mr. Fareri's victims so that they add up to a total the Court's oral sentence. *United States v. Fareri*, 712 F.3d at 593, 596 (D.C. Cir. 2013).

Following the remand, the Court ordered Mr. Fareri to set forth all of his claims for relief regardless of whether they were contemplated in the remand. *See* Docket for Civil Action No. 09-54, Minute Order, Nov. 22, 2013. Thereafter, Mr. Fareri filed a Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255. *See* § 2255 Motion, ECF No. 92. In that motion, Mr. Fareri asserted that his counsel provided ineffective assistance in two additional ways: (4) his counsel informed Mr. Fareri that any restitution credit would offset the amount of loss; and (5) his counsel "was either unaware of Mr. Harary's continuing criminal conduct or despite knowledge of it proceeded to convince Mr. Fareri to plead nonetheless." *Id.* at 5-6. Mr. Fareri also asserted that the government committed a Brady violation. *Id.* at 6.

Following a multi-day evidentiary hearing on his ineffective assistance of counsel claim, this Court issued a Memorandum Opinion addressing all of Mr. Fareri's claims as set forth in the remand and his Section 2255 motion. The Court denied his Section 2255 motion and adjusted the allocation of restitution among the victims pursuant to the remand from the D.C. Circuit. *See generally* Mem. Op., ECF No. 162. Mr. Fareri then sought reconsideration of the Court's Memorandum Opinion, which the Court granted in part and denied in part. *See generally* Mem. Op., ECF No. 203. Thereafter, Mr. Fareri filed a

notice of appeal, *see* ECF No. 205, and the D.C. Circuit referred to this Court the determination of whether a certificate of appealability is warranted, *see* ECF No. 207.

## II. Legal Standard for Issuance of a Certificate of Appealability

A certificate of appealability must be issued for an appellate court to hear an appeal from a "final order in a proceeding under section 2255." 28 U.S.C. § 2253(c)(1)(B). The federal district court judge who rendered the judgment for which appellate review is sought must either issue the certificate of appealability or explain why it should not be issued. Fed. R. App. P. 22(b)(1). A certificate of appealability may issue "only if the petitioner has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, the petitioner "need not show that he should prevail on the merits.... Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court *could* resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." *United States v. Mitchell*, 216 F.3d 1126, 1130 (D.C. Cir. 2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

If the court issues the certificate of appealability, it must specify which issues satisfy the substantial showing requirement. *United States v. Mitchell*, 216 F.3d 1126, 1130

(D.C. Cir. 2000). If a district court judge denies a request for a certificate of appealability, a petitioner may request one from the circuit court judge. Fed. R. App. P. 22(b)(1).

**III. Analysis**

    **A. A Certificate of Appealability is not required.**

As a preliminary matter, Mr. Fareri and the government agree that a certificate of appealability is not required because Mr. Fareri seeks to appeal an issue arising from his direct appeal rather than an issue raised in his Section 2255 motion. *See* Def.'s Mot. for Certificate of Appealability ("Def.'s Mot."), ECF No. 214 at 1; Gov't's Resp. to Def.'s Mot. for a Certificate of Appealability ("Gov't's Resp."), ECF No. 220 at 2. Mr. Fareri seeks appellate review of whether he received ineffective assistance of counsel regarding the consent order of forfeiture he entered into as part of his plea agreement with the government, Def.'s Mot.", ECF No. 214 at 1, and he claims that he raised this issue in his direct appeal, *id.* at 3.

    The Court agrees with Mr. Fareri and the government that Mr. Fareri raised the issue for which he now seeks appellate review in his direct appeal. In his appeal, Mr. Fareri alleged that his counsel provided ineffective assistance because he failed to adequately investigate the loss amount, noting in a footnote that the loss amount impacted his forfeiture amount.

5

*See* Br. of Appellant at 36 n.14, Reply Br. of Appellant at 22 n.13. However, Mr. Fareri requests that the Court issue a certificate of appealability "out of an abundance of caution" in case the D.C. Circuit determines that one is required, Def.'s Mot., ECF No. 214 at 3, and the government does not object, Gov't's Resp., ECF No. 220 at 2. Given the unusual posture of this case – a remand and a Section 2255 motion – and in an abundance of caution, the Court will consider the motion for a certificate of appealability.

**B. It is debatable and reasonable jurists could disagree about whether Mr. Fareri was provided ineffective assistance of counsel.**

Mr. Fareri moves for a certificate of appealability for his claim that he "received ineffective assistance of counsel with respect to the consent order of forfeiture entered as part of his plea agreement with the government," Def.'s Mot. for Certificate of Appealability, ECF No. 214 at 1, and the government does not oppose the issuance of the Certificate of Appealability, Gov't's Resp., ECF No. 220 at 2.

The Sixth Amendment to the United States Constitution guarantees "the right to the effective assistance of counsel." *Strickland v. Washington,* 466 U.S. 668, 686 (1984) (internal quotation marks omitted). To demonstrate that he received ineffective assistance of counsel, Mr. Fareri must show that: (1) "counsel's performance was deficient," and (2) "the

6

deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687. "'Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim.'" *United States v. Rivera-Niebla*, 37 F. Supp. 3d 374, 376 (D.D.C. 2014) (quoting *Strickland*, 466 U.S. at 700). "'Surmounting *Strickland*'s high bar is never an easy task.'" *United States v. Brinson-Scott*, 714 F.3d 616, 623 (D.C. Cir. 2013) (quoting *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010)).

"The Court's review of counsel's performance is 'highly deferential.'" *Aljaff*, 987 F. Supp. 2d at 67 (quoting *Strickland*, 466 U.S. at 689). "To prove deficient performance, [a petitioner] must 'identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment.'" *Id.* (quoting *Strickland*, 466 U.S. at 690). "In determining whether counsel's representation fell below an objective standard of reasonableness, 'every effort [must] be made to eliminate the distorting effects of hindsight[.]' '[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . [since] [e]ven the best criminal defense attorneys would not defend a particular client in the same way.'" *United States v. King*, 4 F. Supp. 3d 114, 121 (D.D.C. 2013) (quoting *Strickland*, 466 U.S. at 689).

To show prejudice, the Court must find a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694 (defining "reasonable probability" as "a probability sufficient to undermine confidence in the outcome"). The defendant must affirmatively prove prejudice. *Id.* at 693.

Mr. Fareri argues that his former counsel was ineffective because he "fail[ed] to investigate and/or understand the law as it pertains to criminal forfeiture" and as a result, Mr. Fareri was prejudiced because there are "two monetary judgments against him for the very same conduct based on the very same legal theory of recovery." Def.'s Mot., ECF No. 214 at 5. Mr. Fareri contends that he should be permitted to appeal this Court's denial of his ineffective assistance of counsel claim regarding forfeiture so that the forfeiture order can be vacated or corrected. *Id.* at 5.

While the Court stands by its analysis that Mr. Fareri did not satisfy his burden of showing that his former counsel was deficient and that the deficient performance prejudiced him, it concludes that reasonable jurists could disagree. Regarding whether counsel was deficient with respect to the consent order of forfeiture Mr. Fareri entered into as part of his plea agreement with the government, Mr. Fareri's former counsel could have "asked the government to withdraw its forfeiture allegation

or requested that any payments made toward one order offset the other to avoid double collection by the government." Def.'s Mot., ECF No. 214 at 12. Furthermore, reasonable jurists could disagree over whether the failure to make either request prejudiced Mr. Fareri. Accordingly, Mr. Fareri has "made a substantial showing of the denial of a constitutional right" on this claim. 28 U.S.C. § 2253(c)(2).

## IV. Conclusion

Accordingly, Mr. Fareri's motion for a certificate of appealability is **GRANTED**. An appropriate order accompanies this memorandum opinion.

    **SO ORDERED.**

**Signed:    Emmet G. Sullivan**
               **United States District Judge**
               **August 8, 2019**